IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Phyllis Tate, | ) |
|                 Plaintiff, | ) C/A No. 3:17-1124-MBS |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| Atty. J. Todd Rutherford, | ) |
|                 Defendant. | ) |

On May 1, 2017, Plaintiff Phyllis Tate, proceeding pro se and in forma pauperis, brought this action, alleging that she was denied her constitutional right to effective counsel. Plaintiff alleges that she retained Defendant J. Todd Rutherford after she was arrested for driving under the influence in 2015. Plaintiff alleges that she paid Defendant a retainer but that he did not take steps to represent her, such as contacting witnesses. Plaintiff seeks monetary damages.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The Magistrate Judge reviewed the allegations of the complaint and determined that the court lacks subject matter jurisdiction. The Magistrate Judge noted that there exists no diversity of citizenship between Plaintiff and Defendant, and that the complaint fails to allege an amount in controversy in excess of $75,000. Thus, the court lacks diversity jurisdiction under 28 U.S.C. § 1332(a). The Magistrate Judge also found that Plaintiff failed to state a claim under 42 U.S.C. § 1983 because Defendant is not a state actor. Therefore the court lacks federal question jurisdiction under 28 U.S.C. § 1331. Accordingly, the Magistrate Judge recommended that the within action be summarily dismissed

without prejudice and without issuance and service of process. Plaintiff filed objections to the Report and Recommendation on June 2, 2017.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff's objections read, in part, as follows:

Federal Law provides that it is a crime to violate the Rights of the People under the Color-of-Law. You can be held personally liable for violating the Personal Liberties of the People and for committing Fraud.

Attempting to cause a person to do something by telling that such action is required by law, which it is not required by, law is not only Fraud, it is a felony and is Treason. Law being the American Constitution pursuant to Article VI, of as well as the USC Codes, which are in harmony with the American Constitution of 1791. At Title 18 U.S.C. 241, 242, 245 all parties acting under the "Color of Law" can be held accountable under charges of Conspiracy to deprive Rights, Treason, Kidnapping, etc....

ECF No. 12.

To the extent Plaintiff objects to the Magistrate Judge's finding that the court lacks federal question jurisdiction under § 1983, the Supreme Court has explained that "[t]he purpose of § 1983

2

is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992)(citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)). Defendant, as a private individual, is not subject to the prohibitions of § 1983. Further, as the Magistrate Judge properly observed, the court lacks diversity jurisdiction to hear any state law claim Plaintiff wishes to pursue against Defendant.

The court has throughly reviewed the record and Report and Recommendation. The court discerns no error in the Magistrate Judge's analysis. Plaintiff's objections are without merit.

For the reasons stated, the court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 14, 2017